# EXHIBIT W

(3) AIRLINE–RELATED DEPOSIT.—For purposes of this subsection, the term "airline-related deposit" means any deposit of—

(A) taxes imposed by subchapter C of chapter 33 of such Code (relating to transportation by air); and

(B) taxes imposed by chapters 21, 22, and 24 with respect to employees engaged in a trade or business referred to in paragraph (2).

(b) TREATMENT OF LOSS COMPENSATION.—Nothing in any provision of law shall be construed to exclude from gross income under the Internal Revenue Code of 1986 any compensation received under section 101(a)(2) of this Act.

## TITLE IV—VICTIM COMPENSATION

<< 49 USCA § 40101 NOTE >>

SEC. 401. SHORT TITLE.

This title may be cited as the "September 11th Victim Compensation Fund of 2001".

<< 49 USCA § 40101 NOTE >>

SEC. 402. DEFINITIONS.

In this title, the following definitions apply:

(1) AIR CARRIER.—The term "air carrier" means a citizen of the United States undertaking by any means, directly or indirectly, to provide air transportation and includes employees and agents of such citizen.

(2) AIR TRANSPORTATION.—The term "air transportation" means foreign air transportation, interstate air transportation, or the transportation of mail by aircraft.

(3) CLAIMANT.—The term "claimant" means an individual filing a claim for compensation under section 405(a)(1).

(4) COLLATERAL SOURCE.—The term "collateral source" means all collateral sources, including life insurance, pension funds, death benefit programs, and payments by Federal, State, or local governments related to the terrorist-related aircraft crashes of September 11, 2001.

(5) ECONOMIC LOSS.—The term "economic loss" means any pecuniary loss resulting from harm (including the loss of earnings or other benefits related to employment, medical expense loss, replacement services loss, loss due to death, burial costs, and loss of business or employment opportunities) to the extent recovery for such loss is allowed under applicable State law.

(6) ELIGIBLE INDIVIDUAL.—The term "eligible individual" means an individual determined to be eligible for compensation under section 405(c).

(7) NONECONOMIC LOSSES.—The term "noneconomic losses" means losses for physical and emotional pain, suffering, inconvenience, physical impairment, mental anguish, disfigurement, loss of enjoyment of life, loss of society and companionship, loss of consortium (other than loss of domestic service), hedonic damages, injury to reputation, and all other nonpecuniary losses of any kind or nature.

(8) SPECIAL MASTER.—The term "Special Master" means the Special Master appointed under section 404(a).

<< 49 USCA § 40101 NOTE >>

SEC. 403. PURPOSE.

It is the purpose of this title to provide compensation to any individual (or relatives of a deceased individual) who was physically injured or killed as a result of the terrorist-related aircraft crashes of September 11, 2001.

<< 49 USCA § 40101 NOTE >>

SEC. 404. ADMINISTRATION.

(a) IN GENERAL.—The Attorney General, acting through a Special Master appointed by the Attorney General, shall—

Code of Federal Regulations
  Title 28. Judicial Administration
    Chapter I. Department of Justice
      Part 104. September 11th Victim Compensation Fund (Refs & Annos)
        Subpart D. Amount of Compensation for Eligible Claimants

28 C.F.R. § 104.44

§ 104.44 Determination of presumed noneconomic losses for death for claims on behalf of decedents.

Effective: June 15, 2016
Currentness

The presumed non-economic losses for an eligible death shall be $250,000 plus an additional $100,000 for the spouse and each dependent of the deceased victim. Such presumed losses include a noneconomic component of replacement services loss.

SOURCE: 81 FR 38941, June 15, 2016; 81 FR 60620, Sept. 2, 2016, unless otherwise noted.

AUTHORITY: Title IV of Pub.L. 107–42, 115 Stat. 230, 49 U.S.C. 40101 note; Title II of Pub.L. 111–347, 124 Stat. 3623; Title IV of Pub.L. 114–113, 129 Stat. 2242.

Notes of Decisions (7)

Current through April 9, 2024, 89 FR 25115. Some sections may be more current. See credits for details.

**End of Document**                                  © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Code of Federal Regulations
  Title 28. Judicial Administration
    Chapter I. Department of Justice
      Part 104. September 11th Victim Compensation Fund (Refs & Annos)
        Subpart A. General; Eligibility

28 C.F.R. § 104.3

§ 104.3 Other definitions.

Effective: June 15, 2016
Currentness

(a) Beneficiary. The term beneficiary shall mean a person to whom the Personal Representative shall distribute all or part of the award under § 104.52 of this part.

(b) Dependents. The Special Master shall identify as dependents those persons so identified by the victim on his or her Federal tax return for the year prior to the year of the victim's death (or those persons who legally could have been identified by the victim on his or her Federal tax return for the year prior to the year of the victim's death) unless:

(1) The claimant demonstrates that a minor child of the victim was born or adopted on or after January 1 of the year of the victim's death;

(2) Another person became a dependent in accordance with then- applicable law on or after January 1 of the year of the victim's death; or

(3) The victim was not required by law to file a Federal income tax return for the year prior to the year of the victim's death.

(c) Spouse. The Special Master shall identify as the spouse of a victim the person reported as spouse on the victim's Federal tax return for the year prior to the year of the victim's death (or the person who legally could have been identified by the victim on his or her Federal tax return for the year prior to the year of the victim's death) unless:

(1) The victim was married or divorced in accordance with applicable state law on or after January 1 of the year of the victim's death; or

(2) The victim was not required by law to file a Federal income tax return for the year prior to the year of the victim's death.

(3) The Special Master shall identify as the spouse of a victim any same-sex spouse who was lawfully married to the victim under applicable state law.

(d) The Act. The Act, as used in this part, shall mean Public Law 107–42, 115 Stat. 230 ("Air Transportation Safety and System Stabilization Act"), 49 U.S.C. 40101 note, as amended by the James Zadroga 9/11 Health and Compensation Act of 2010, Title II of Public Law 111–347 and as further amended by the James Zadroga 9/11 Victim Compensation Fund Reauthorization Act, Division O, Title IV of Public Law 114–113.

(e) Victim. The term victim shall mean an eligible injured claimant or a decedent on whose behalf a claim is brought by an eligible Personal Representative.

(f) Substantially Complete. A claim becomes substantially complete when, in the opinion of the Special Master or her designee, the claim contains sufficient information and documentation to determine both the claimant's eligibility and, if the claimant is eligible, an appropriate award.

SOURCE: 81 FR 38941, June 15, 2016; 81 FR 60620, Sept. 2, 2016, unless otherwise noted.

AUTHORITY: Title IV of Pub.L. 107–42, 115 Stat. 230, 49 U.S.C. 40101 note; Title II of Pub.L. 111–347, 124 Stat. 3623; Title IV of Pub.L. 114–113, 129 Stat. 2242.

Current through April 9, 2024, 89 FR 25115. Some sections may be more current. See credits for details.

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

Text Only Version



# September 11th Victim Compensation Fund of 2001



## Compensation for Deceased Victims

### Distribution Plan Information

The Personal Representative (PR) completes the Distribution Plan, found on page 13 of the Compensation Form for Deceased Victims. The PR must distribute the award according to state law. The PR will provide a proposed distribution plan to the Special Master for review prior to payment. The Special Master will then review the plan. If there is a will, then the distribution plan will usually follow the will for the estate, or non-economic, portion of the award. If there is no will, then the distribution plan will follow state intestacy law for the estate or non-economic portion of the award. The economic loss portion of the award will be distributed according to the state's wrongful death statute.

### There are three components of the VCF Compensation Award

**1. Non-Economic Award** – The $250,000 presumed award on behalf of the victim is generally distributed in accordance with the victim's will, or in the absence of a will, state intestacy law.

- Click here to view a Listing of State Laws

**2. Non-Economic Awards for Dependents** – The $100,000 additional non-economic award for each dependent is paid directly to the qualifying dependents. If there are dependents who are minor children, please see below for further guidance necessary to facilitate the payment of their awards.

- Three Options for Payment to Minor Children

**3. Economic Loss Award** – The wrongful death law of the state of the victim's domicile generally governs the distribution of the economic loss portion of the award.

- Click here to view a Listing of State Laws

If all parties eligible for the wrongful death portion of the award agree to an alternative distribution plan, the Personal Representative may submit to the Fund proof that the alternative plan has been consented to by the PR and all other inclusive parties. Please note that money for minor children cannot be redistributed to other parties.

# Policies and Procedures

This document outlines the policies and procedures of the September 11th Victim Compensation Fund ("VCF"). The document includes information on eligibility criteria, the methodology used to calculate economic and non-economic loss, payment procedures, appeals and hearings, claims for deceased individuals, and information for claimants who are represented by an attorney for their claim.

The document is intended to be used as a reference by individuals who are filing a claim, or by those who are interested in how the VCF operates. The document is written for a personal injury victim who is filing his or her own claim, so references to "you" or "your" should be read as "the victim" in those cases where a Personal Representative, parent, or guardian may be filing the claim on the victim's behalf.

The document includes references to specific forms and additional resources. All forms and resources referenced in the document are available under "Forms and Resources" on the www.vcf.gov website. Hyperlinks are also included in the document for those who are using the document in an electronic format.

The VCF website includes several resources that provide more general information about the VCF. These include:

- A set of "Frequently Asked Questions" ("FAQs") that provide additional information about various aspects of the VCF process.
- A "VCF Overview" presentation for individuals who are filing a claim, or those who are interested in how the VCF operates;
- The VCF "Info Sheet" with general information about the program, who can apply, and how to apply; and
- A VCF "Fact vs. Myth" document that dispels common myths about the VCF.

In addition to these materials, the website includes an overview of the VCF Claim Review Process, which is included as page 3 of this document.

| Version | Date Published | Notes |
|---|---|---|
| 1.0 | September 2016 | Original publication. |
| 2.0 | May 2017 | Noteworthy updates made to sections: 1.2, 1.3, 1.4, 1.7, 2.0, 2.1, 2.2, 2.4, 2.5, 3.3, 3.5, 3.6, 3.9, 5.0, 6.2, 6.3, 6.4, 6.6, 7.2 and Appendix G. |
| 3.0 | October 2017 | Noteworthy updates made to sections:1.1, 1.2, 1.4, 1.6, 1.7, 2.1, 2.5, 3.5, 5.0, 6.2, 6.3, 6.7, Appendix A, Appendix B, and Appendix D. |
| 4.0 | April 2018 | Noteworthy updates made to sections: 1.3, 1.4, 1.6, 1.8, 1.9, 2.0, 2.1, 2.2, 2.4, 2.5, 3.9, 5.0, 6.1, 6.4, 7.1, Appendix A & Appendix B. |
| 4.1 | July 2018 | Noteworthy updates made to sections: 1.3d, 1.6d, 1.9, 2.0, 2.1, 2.3, 5.0, 6.1, 6.2, 6.5, Appendix A, Appendix B, and Appendix D. |



**September 11th Victim Compensation Fund**

**Policies and Procedures**

| Version | Date Published | Notes |
|---|---|---|
| 4.2 | December 2018 | Noteworthy updates made to sections: 1.3d), 1.4d), 2.a), 2.1a), 2.2c), 2.2e), 2.2i), 2.3, 2.3.1, 3.10, 5.0, 6.2a), Appendix A and Appendix F. |
| 5.0 | February 2019 | Noteworthy updates made to the following sections: 2.1a), 2.3, 2.4a), 2.5, 4.2, and Appendix A. |
| 5.1 | July 2019 | Noteworthy updates made to the following sections: 1.4d), 1.6b), 2.1a), 2.3, 6.1, 7.1a). |
| 5.2 | September 2019 | Noteworthy updates made to the following sections: 1.2, 1.3, 1.6, 1.6a), 1.9c), 4.1, 4.2, 6.1, and Appendix G. |
| 5.3 | December 2019 | Noteworthy updates made to the following sections:<br>• 1.2 Registration and Claim Filing Deadlines<br>• 1.6 Documentation of Presence<br>• 1.6a) Affidavits in support of presence at site<br>• 1.6c) When to submit presence documents<br>• 1.8a) Preliminary Review<br>• 1.9 Claims Filed on a Victim's Behalf<br>• 1.9b) Parent or Guardian of a Minor Victim<br>• 2.0b) Substantive Compensation Review and Calculation of Award<br>• 2.1a) Valuation of non-economic loss<br>• 2.1b) Special Master Authority to award non-economic loss above the statutory cap<br>• 2.1c) Documentation of non-economic loss<br>• 2.2 Economic Loss – Lost Earnings and Benefits<br>• 2.2e) Loss of employment related benefits<br>• 3.9 Expedite Process<br>• 3.10 VCF Claimants who file claims with USVSST<br>• 4.0 Appeals and Hearings<br>• 4.1 Filing an Appeal<br>• 4.2 Hearings Process<br>• 5.0 Amendments<br>• Appendix A – Instructions for Amending a Claim<br>• Appendix C – When to Appeal vs. When to Amend |

September 11th
Victim Compensation Fund

**Policies and Procedures**

# VCF Claim Review Process

## ELIGIBILITY REVIEW

### START: Register and Submit Claim
- Register and submit your complete Claim Form online or in hard copy, including Eligibility and Compensation Forms required and supporting documents.

You will receive a letter confirming we have received your claim form.

**Online status:** "Submitted" or "Submitted: Pending Preliminary Review"

### STEP 1: Conduct Preliminary Review
- Review claim to confirm receipt of documents required for processing: Signature Page, presence of applicable Exhibits, documents required for Personal/Authorized Representatives (if applicable).
- Confirm we have received a complete Exhibit A – "Authorization for Release of Medical Records" by mail with original signatures. Once confirmed, we contact the WTC Health Program for information about your certified condition(s).
- If applicable, we request information from certain government entities, employers, and other third parties.

When we conduct our preliminary review, if we don't have the minimum documents required to process your claim, we mark your claim "Inactive" while we await your documents. If there is no response after 60 days, the claim may be denied. You can amend your claim once you have the necessary documents.

"Preliminary Review" or "Inactive" or "Ready for Reviewer: Pending Review"

### STEP 2: Substantive Eligibility Review
- Once we have all documents required for processing, we review the claim to determine if the victim is eligible for compensation. This includes:
  - Verifying the claim was registered by the applicable deadline.
  - Confirming the victim has an eligible 9/11-related physical condition.
  - Verifying the victim's presence at site.
  - Confirming timely resolution of any 9/11-related lawsuits.
- If applicable, we also validate the Personal or Authorized Representative.
- If the claim is missing documentation that we need in order to render an eligibility decision, you will receive a "Missing Information" letter.

Once your claim is under substantive review, if you don't respond to our request for missing information within 30 days, we render a decision based on the information contained in your file at that time.

"Under Review"

### STEP 3: Render Eligibility Decision
- Once a decision is rendered, we send a letter explaining the outcome of our review.
- If eligibility is approved, your claim moves to the next step: Compensation Review. If you are claiming non-economic loss only, we evaluate eligibility and compensation together.
- If eligibility is denied, the review of your claim stops at this step. Your eligibility decision letter explains how to appeal the decision and how to amend your claim in the future when you are able to provide additional information for consideration.

"Approved" or "Denied"

## COMPENSATION REVIEW

### STEP 4: Conduct Initial Compensation Review
- Once eligibility is approved, we begin initial review of your compensation information. This includes determining the types of loss being claimed.
- If you are claiming only non-economic loss, your claim moves to Step 5.
- If you are claiming economic loss, we contact third parties such as the SSA, FDNY, and NYPD to request information regarding pensions, disability, and/or earnings history as part of our preliminary review already done so as to have not already done so as part of our preliminary review (Step 1).
- If the claim is missing documentation that we need in order to render a decision, you will receive a "Missing Information" letter.

When we conduct our initial review, we notify you of any missing information via a letter. We wait 30 days for a response and then we render a decision based on the information contained in your file at that time.

"Submitted: Pending Preliminary Review" or "Ready for Reviewer: Pending Review" or "Under Review"

### STEP 5: Complete Compensation Review and Calculate Award
- Each award is calculated individually, so claims that have more complex compensation information take more time to review. Our review includes:
  - Determining non-economic loss, often called "pain and suffering," based on the severity of the physical harm.
  - Calculating economic loss, including past and future lost earnings, if claimed.
  - Confirming collateral offsets, including payments received from pension funds, life insurance, SSA, workers' compensation, and settlements from 9/11-related lawsuits.

If we do not receive the documents necessary to calculate economic loss, or if the documents are not submitted in a timely manner, we may issue an award for non-economic loss only.

"Under Review" or "Special Master Review"

### STEP 6: Issue Award Decision and Process Payment
- Once the award is calculated, we send a letter explaining the breakdown of your award and an option to appeal the decision within 30 days, if you believe an error was made in the calculation.
- If you do not appeal, we authorize payment within 20 days of the end of the 30-day appeal period. If you do appeal, payment is authorized once a decision is rendered following your appeal.
- Once payment is authorized, it may take up to 3 weeks for the U.S. Treasury to disburse the money into the bank account designated on the payment authorization document you submitted to the VCF.
- Once Treasury confirms payment has been made, we send a letter confirming your payment has been issued.

"Determination Made; Processing" or "Comp. Determination Sent"

"You can check the status of your claim in the online system at any time. A list of claim status definitions can be found here, and is also posted on the www.vcf.gov website under "Forms and Resources."
You may amend a claim at any time to add a new condition, to claim a new loss, and/or to submit additional information that may be relevant to the claim."

March 2019

To go directly to a location in the document from the Table of Contents, simply click on the title of the section or the page number.

## Table of Contents

**Section 1.   Eligibility Criteria and Deadlines** ................................................................................ 8
   1.1      Eligibility Criteria ................................................................................................................ 8
   1.2      Registration and Claim Filing Deadlines ............................................................................. 8
   1.3      9/11-Related Lawsuits ......................................................................................................... 9
        a.  Waiver of right to file future lawsuits: .......................................................................... 9
        b.  Permissible lawsuits: .................................................................................................... 9
        c.  If you withdrew or dismissed your lawsuit without settlement: ................................... 10
        d.  If you settled your lawsuit: .......................................................................................... 10
   1.4      Eligible Conditions (WTC-Related Physical Health Conditions) ...................................... 13
        a.  Presumptively covered conditions eligible for compensation: .................................... 13
        b.  Minimum and Maximum Time Intervals: .................................................................... 16
        c.  Additional Information about presumptively covered eligible conditions: .................. 16
        d.  Certification and verification of conditions – WTC Health Program or Private Physician process: ...... 17
        e.  Mental illness: .............................................................................................................. 19
   1.5      Presence at Site.................................................................................................................. 20
        a.  Location: ....................................................................................................................... 20
        b.  Timeframe: ................................................................................................................... 20
   1.6      Documentation of Presence .............................................................................................. 21
        a.  Affidavits in support of presence at site: ..................................................................... 22
        b.  Presence Information for specific employers or entities: ............................................ 24
        c.  When to submit presence documents ........................................................................ 28
   1.7      VCF1 Claims..................................................................................................................... 28
   1.8      Eligibility Review and Determination ................................................................................ 29
        a.  Preliminary Review ...................................................................................................... 29
        b.  Substantive Eligibility Review...................................................................................... 30
   1.9      Claims Filed on a Victim's Behalf .................................................................................... 30
        a.  Personal Representative of a Deceased Victim.......................................................... 30
        b.  Parent or Guardian of a Minor Victim (under 18 years of age at the time the claim is filed) ............. 31
        c.  Guardian of a Non-Minor Victim .................................................................................. 32

**Section 2.   Calculation of Loss (Compensation)**................................................................................ 33
        a.  Compensation Review Process ................................................................................... 33
        b.  Substantive Compensation Review and Calculation of Award .................................. 34
   2.1      Non-Economic Loss .......................................................................................................... 35
        a.  Valuation of non-economic loss: .................................................................................. 35



|   |   |   |
|---|---|---|
| | b. Special Master authority to award non-economic loss above the statutory cap | 37 |
| | c. Documentation of non-economic loss: | 37 |
| 2.2 | Economic Loss: Lost Earnings and Benefits | 38 |
| | a. Documentation of earnings history: | 39 |
| | b. Establishing discrete past lost earnings: | 39 |
| | c. Establishing loss of future earnings/benefits as a result of a permanent disability: | 40 |
| | d. Documents required to demonstrate disability: | 42 |
| | e. Loss of employment-related benefits: | 43 |
| | f. Documentation to support loss of earnings and pension benefits for FDNY claimants: | 45 |
| | g. Documentation to support loss of earnings and pension benefits for NYPD Claimants: | 47 |
| | h. Documentation to support loss of earnings and pension benefits for members of NYCERS: | 47 |
| | i. Documentation to support loss of earnings and benefits for Federal Employees Including Military Personnel: | 48 |
| 2.3 | Detailed Explanation of Methodology used to Calculate Future Lost Earnings | 49 |
| 2.3.1 | Compensation for VCF1 Claimants Who Were Paid in VCF1 | 57 |
| 2.4 | Other Types of Economic Loss | 58 |
| | a. Past out-of-pocket medical expenses: | 58 |
| | I. When to File a Medical Expenses Claim. | 58 |
| | II. Acceptable Medical Expenses Claims | 59 |
| | III. Documentation Required to Support a Medical Expenses Claim. | 60 |
| | b. Replacement Services loss: | 65 |
| | c. Burial or memorial service expenses: | 66 |
| | d. Other out-of-pocket expenses: | 66 |
| 2.5 | Collateral Source Offsets | 66 |
| | a. Collateral offsets that are paid periodically: | 69 |
| | b. Benefits that may be subject to liens: | 69 |
| | c. Survivor benefits subject to adjustment or termination: | 69 |
| | d. Public Safety Officers' Benefits ("PSOB"): | 70 |
| | e. WTC Volunteer Fund administered by the New York State Workers' Compensation Board: | 70 |
| | f. Obligation to notify the VCF of additional offsets: | 71 |
| 2.6 | Withdrawing an Economic Loss Claim | 71 |
| **Section 3.** | **Awards and Payment** | **72** |
| 3.1 | Receiving your Payment | 72 |
| 3.2 | Payment Instructions if you live in the U.S. | 72 |
| 3.3 | Payment Instructions if you live outside the U.S. | 72 |
| 3.4 | Instructions for Payments made to Law Firm escrow accounts on a Claimant's Behalf | 73 |
| 3.5 | Changing your Payment Information | 73 |
| 3.6 | Payment Instructions specific to claims for Deceased Victims | 73 |


3.7    Payment Instructions specific to claims for Minor Victims ............................................................. 74

3.8    Split Payments ............................................................................................................................. 74

3.9    Additional information regarding VCF Awards and Payments ..................................................... 74

3.10   VCF claimants who file claims with the U.S. Victims of State Sponsored Terrorism Fund ("USVSST") 76

**Section 4.    Appeals and Hearings** ......................................................................................................... 76

4.1    Filing an Appeal ........................................................................................................................... 77

4.2    Hearings Process ......................................................................................................................... 78

**Section 5.    Amendments** ......................................................................................................................... 80

5.1    Personal Injury Claims ................................................................................................................. 80

5.2    Deceased Claims ......................................................................................................................... 80

**Section 6.    Deceased Victims** ................................................................................................................. 82

6.1    Victims who pass away after Filing a Personal Injury Claim ....................................................... 82

6.2    Calculation of Deceased Claims .................................................................................................. 83

   a.   Economic Loss: ......................................................................................................................... 83

   b.   Non-Economic Loss: ................................................................................................................. 84

6.3    Application of Offsets in Personal Injury and Deceased Claims ................................................. 84

6.4    Personal Representatives ............................................................................................................ 86

   a.   Court appointment of a Personal Representative: .................................................................... 86

   b.   Original documents: .................................................................................................................. 88

6.5    Multiple Personal Representatives .............................................................................................. 88

6.6    Special Master Appointment of a Personal Representative ........................................................ 89

6.7    List of claims filed on behalf of Decedents .................................................................................. 89

6.8    Payment Instructions specific to Deceased Victim Claims .......................................................... 89

**Section 7.    Information for Individuals with Attorneys** ....................................................................... 89

7.1    Attorney's Fees ............................................................................................................................ 89

   a.   "Non-routine" expenses: ............................................................................................................ 90

7.2    Changing, Adding, or Removing an Attorney .............................................................................. 91

7.3    Changing who Receives Payment ............................................................................................... 91

7.4    Online Access to your Claim ........................................................................................................ 91

**Section 8.    Appendix** ................................................................................................................................ 92

Appendix A – Instructions for Amending a Claim .................................................................................. 92

Appendix B – What is the WTC Health Program Disability Evaluation Process? ................................. 98

Appendix C – When to Appeal vs. When to Amend ............................................................................ 101

Appendix D – Information and Instructions: Steps to take if a personal injury claimant passes away after filing the claim ............................................................................................................................................. 105

Appendix E – Instructions for Letters of Administration with Limitations ............................................ 108

TOC fragment



**Policies and Procedures**

Appendix F – Information on appointment of a Personal Representative ....................................................... 110

Appendix G – Required Documents to Support Lost Earnings for Certain Unions and Employers ................ 112



September 11th
Victim Compensation Fund

**Policies and Procedures**

## 2.1 Non-Economic Loss

The Zadroga Act defines non-economic loss as losses for physical and emotional pain, suffering, inconvenience, physical impairment, mental anguish, disfigurement, loss of enjoyment of life, loss of society and companionship, loss of consortium (other than loss of domestic service), hedonic damages, injury to reputation, and all other non-pecuniary losses of any kind or nature.

Each person who was killed or injured in the September 11th attacks suffered grievous harm, and each person experienced the unspeakable events of that day in a unique way. After extensive fact finding, public outreach, and review of public comments in the original VCF, the Special Master and the Department of Justice concluded that the most rational and just way to approach the difficult task of placing a dollar amount on the pain and emotional suffering experienced by the thousands of individuals killed or injured by the September 11th attacks was to assess the non-economic losses for categories of victims.

### a. Valuation of non-economic loss:

#### Non-economic loss for death

The regulations set a presumed award for non-economic losses sustained by the victim, and the victim's spouse[5] and dependents, because of the victim's death as a result of the September 11th aircraft crashes or subsequent debris removal: $250,000, plus an additional $100,000 for the spouse and each dependent of the decedent. The latter figures – $100,000 for the spouse and each dependent – include a non-economic component of "replacement services loss."

#### Non-economic loss for injury

The 2015 reauthorization statute established certain caps on non-economic awards for physical injury claims. The maximum non-economic loss for any one type of cancer condition is $250,000, and the maximum non-economic loss for any one type of non-cancer condition is $90,000. If the victim has more than one type of cancer, the Special Master may issue an award that makes an adjustment above $250,000 to account for multiple cancers. Similarly, if the victim has cancer and severe non-cancer conditions, the Special Master may issue an award that makes an adjustment above $250,000 to account for multiple conditions.

The 2015 reauthorization statute also requires that the Special Master prioritize claims with the most debilitating physical conditions. Accordingly, non-economic loss is based generally on the severity of the condition and the effect of the condition on the victim's ability to maintain normal activities of daily living. ***Important Note: The amount of non-economic loss is not tied to the number of certified conditions.*** It is possible that an individual victim with many relatively mild conditions would receive a non-economic award that is less than that of a victim who has only one condition that is severe. For example, a victim who has a respiratory condition that significantly restricts the victim's ability to participate in activities of daily living and recreation, or that is progressive and not effectively treated, may

---

[5] The regulations provide that the Special Master will identify the spouse of a victim by looking to the victim's Federal tax return. Prior to June 26, 2013, same-sex married couples were prohibited from identifying themselves as married on their Federal tax returns because Section 3 of the Defense of Marriage Act ("DOMA") prohibited the Federal Government from recognizing same-sex marriages. Following the decision of the Supreme Court in *United States v. Windsor*, 133 S. Ct. 2675 (2013) (finding Section 3 of DOMA unconstitutional) and pursuant to Department of Justice policy, all lawful same-sex marriages will be recognized if they were valid in the place where the marriage was celebrated. The Special Master will therefore recognize all same-sex marriages valid in the place where the marriage was celebrated notwithstanding that a victim's Federal tax return filed before June 26, 2013, could not identify a same-sex spouse.



September 11th
Victim Compensation Fund

**Policies and Procedures**

have a higher non-economic award than a victim who has a mild respiratory condition and another mild condition which have not had a significant effect on their activities of daily living. Please keep this in mind when considering whether to seek certification of additional conditions through the WTC Health Program.

In general, when an eligible non-cancer condition has a consistent, sustained, and severe impact on a victim's quality of life, the non-economic award will be in the range of $90,000. As a general rule, under the terms of the Reauthorization Act, the Special Master has identified the following conditions as presumptively severe and debilitating and warranting the highest allowable non-economic loss award for a non-cancer condition, without any further documentation: Emphysema, Interstitial Lung Disease (including Asbestosis), and Sarcoidosis.

When the victim demonstrates mild or negligible impairment on daily life, or if the eligible conditions have resolved over time or are reasonably well-controlled through over-the-counter medication, the non-economic award may range between $10,000 and $90,000, depending on the severity of the condition as demonstrated by recent medical records (medical records that are dated within three years of the claim submission date). As a general rule, under the terms of the Reauthorization Act, the Special Master has identified the following conditions as presumptively less severe and debilitating and thus warranting lower awards, absent medical documentation of severity, than the highest allowable for a non-cancer condition: Asthma/RADS, Barrett's Esophagus, Bronchiecstasis, Chronic Airway Obstruction,[6] Chronic Bronchitis, Chronic Cough, Chronic Obstructive Pulmonary Disease, Chronic Rhinitis, Esophagitis, Gastroesophageal Reflux (GERD), Laryngitis, Nasopharyngitis, Obstructive Sleep Apnea, Pharyngitis, Respiratory Conditions due to Fumes or Vapors, Rhinosinusitis, Sinusitis, and Traumatic Injury or Musculoskeletal Disorder. While some of these conditions can have severe impacts on individual patients, the VCF will require evidence of such severity, in the form of recent medical records supported by impact statements and/or appeal testimony, before considering an increase in the award.

For eligible cancers, the non-economic award will generally range between $90,000 and $250,000, depending on the type of cancer and the medical evidence provided regarding metastasis, recurrence, and/or permanent complications. For example, if a victim is certified for two different types of non-melanoma skin cancer – for example, basal cell and squamous cell – or for one non-melanoma skin cancer at multiple sites, the award will generally be in the range of $90,000.

The Special Master may consider multiple conditions together to determine an aggregate award, which may exceed $250,000. For example, the victim may suffer from multiple types of cancer or may have a severe non-cancer eligible condition along with an eligible cancer. In such cases, the non-economic award may be greater than $250,000.

Note: If you received a non-economic loss award in VCF1, the VCF will consider the amount previously awarded when determining whether additional compensation is warranted in light of the 2015 reauthorization statute's prioritization mandate and non-economic loss caps.

---

[6] When evaluating whether an individual should be certified for Chronic Obstructive Pulmonary Disease (COPD), the WTC Health Program follows the diagnostic criteria set forth by the American Thoracic Society in the Global Initiative for Chronic Obstructive Lung Disease (known as the GOLD standard). See https://goldcopd.org/wp-content/uploads/2018/11/GOLD-2019-v1.7-FINAL-14Nov2018-WMS.pdf. For purposes of evaluating non-economic loss, the VCF does not treat a certification for Chronic Airway Obstruction as equivalent to COPD unless the individual meets the GOLD diagnostic criteria for COPD, and will not consider an increase to the award unless there is medical documentation of ongoing severity and impact on daily life.